**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION**

| | | |
|---|---|---|
| **CHARLES W. FORTNER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL NO. 1:05CV250** |
| | ) | |
| **JO ANNE B. BARNHART,** | ) | |
| **Commissioner of Social Security,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**CONSENT ORDER WITH REMAND
PURSUANT TO SENTENCE FOUR OF 42 U.S.C. § 405(g)**

The United States of America has moved this Court, pursuant to sentence four of 42

U.S.C. § 405(g), to enter a judgment reversing the defendant Commissioner's decision with a

remand of the cause to the defendant Commissioner for further administrative proceedings.

On remand to the Commissioner, the Administrative Law Judge, ("ALJ") will: 1)

evaluate Plaintiff's colitis and provide a rationale, with specific reference to the medical

evidence, in determining how his impairment affected his residual functional capacity; 2)

consider the credibility of Plaintiff's complaints and explain the reasons for either accepting or

rejecting his allegations; and 3) consider Plaintiff's fatigue and evaluate this symptom when

considering the credibility of his subjective symptoms.

Pursuant to the power of this Court to enter a judgment affirming, modifying or reversing

the Commissioner's decision with remand in Social Security actions under sentence four of 42

U.S.C. § 405(g), and in light of the Commissioner's and plaintiff's request to remand this action

for further  proceedings, this Court hereby:

**REVERSES** the Commissioner's decision under sentence four of 42 U.S.C. § 405(g) with a remand of the cause to the Commissioner for further proceedings. *See Melkonyan v. Sullivan*, 111 S. Ct. 2157(1991). The Clerk of the Court will enter a separate judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure. As there remains no justiciable dispute pending between the parties, upon the Clerk's entry of judgment, the Court's jurisdiction over this case shall terminate except for purposes of consideration and determination of motions for attorneys fees, including any motion for such fees under the Equal Access to Justice Act (EAJA). Plaintiff shall have thirty (30) days from final judgment in which to file any motion for attorneys fees under EAJA in this matter.

Signed: June 12, 2006

Lacy H. Thornburg
United States District Judge